UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RONALD ARCHIBEQUE,
as personal representative of
ERICA PADILLA and
THE ESTATE OF ERICA A. PADILLA,

    Plaintiffs,

vs.                                    11-CV-471 JAP/WDS

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO and
JOHN and JANE DOES 1-10, Individually and in their
capacities as agents for the Defendants,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND PROCEEDINGS
TO THE STATE COURT OF NEW MEXICO (Doc. No. 21)**

Because Plaintiff has asserted only claims arising under state law, the Court will grant

PLAINTIFFS'[1] MOTION TO REMAND PROCEEDINGS TO THE STATE COURT OF NEW

---

[1] In the Motion, Plaintiffs are referred to in the plural; however, in the Complaint Plaintiff is referred to in the singular. The Court will refer to Plaintiff in the singular since it appears that Plaintiff Ronald Archibeque is Ms. Padilla's personal representative for the wrongful death claim and is also the personal representative of Ms. Padilla's estate. The New Mexico Wrongful Death Act requires that an action for wrongful death, "shall be brought by and in the name of the personal representative of the deceased person[.]" NMSA 1978 § 41-2-1 (2001).

MEXICO (Doc. No. 21) (the Motion). [2]

On May 17, 2011, Plaintiff Ronald Archibeque, as personal representative of Erica Padilla and The Estate of Erica A. Padilla (Plaintiff) filed a COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH (Doc. No. 1-2) (Complaint) in the Second Judicial District Court, Bernalillo County, New Mexico. On June 3, 2011, Defendants the Board of County Commissioners of the County of Bernalillo d/b/a John and Jane Does 1-10, individually and in their capacities as agents for the Defendants (Defendants) removed the case to this Court asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).[3] NOTICE OF REMOVAL (Doc. No. 1).

## I. BACKGROUND

In the Complaint, Plaintiff alleges that some time in April 2010 Erica Padilla, a juvenile, was arrested and transported to the Bernalillo County Metropolitan Detention Center (MDC). (Compl. ¶ 2.) During Ms. Padilla's detention, unknown MDC employees forced Ms. Padilla to provide information about drug dealers who she allegedly knew. (*Id.* ¶ 3.) Afterwards, Ms. Padilla was threatened and intimidated by other inmates who called her a "rat" for giving

---

[2] The Court has also considered BERNALILLO COUNTY'S RESPONSE TO MOTION TO REMAND PROCEEDINGS TO THE STATE DISTRICT COURT OF NEW MEXICO (Doc. No. 24) (the Response) filed on October 17, 2011 and PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO REMAND PROCEEDINGS TO THE STATE DISTRICT COURT OF NEW MEXICO (Doc. No. 26) filed on October 20, 2011.

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .[t]o redress the deprivation, under color of any . . . right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]" 28 U.S.C. § 1343(a)(3).

information to the authorities. (*Id.* ¶ 4.)  Ms. Padilla was also "jumped" and assaulted by five other inmates. (*Id.* ¶ 5.) After the assault, Ms. Padilla was segregated and placed on "suicide watch." (*Id.* ¶ 6.) On April 17, 2010, while in a holding cell waiting to be transferred to another segregated unit, Ms. Padilla committed suicide. (*Id.* ¶ 7.)

In Counts I-IV, Plaintiff asserts claims under the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-6 and 41-4-12 for the following: (1) negligent operation of MDC, (2) negligent failure to prevent harm to Ms. Padilla, (3) negligent failure to properly train and supervise MDC's employees, (4) negligent maintenance of health care facilities, (5) negligent failure to give adequate emergency treatment to Ms. Padilla, (6) negligent failure to ensure that Ms. Padilla did not harm herself, and (7) negligent creation of a dangerous and unsafe condition on the MDC premises. (*Id.* ¶¶ 10-36.)

The New Mexico Tort Claims Act (NMTCA) provides general immunity to government employees but waives the governmental immunity for certain causes of action.  NMSA 1978 §§ 41-4-2(A); 41-4-4 (1996).  *See generally,* NMSA 1978 § 41-4-1 -- 41-4-30 (1996).

Section 41-4-6 provides,

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

NMSA 1978 § 41-4-6 (A) (1996).

Section 41-4-12 provides,

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or **deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico** when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978 § 41-4-12 (1996) (emphasis added). Defendants contend that the Plaintiff's assertion of a claim under NMSA 1978 § 41-4-12 raises an inference that Plaintiff is asserting a violation of Ms. Padilla's federal constitutional rights. According to Defendants, since federal question jurisdiction is implicated, Defendants' removal was appropriate. Plaintiff contends that the Complaint clearly reflects his intention to assert claims only under state law and that the Court must remand the case because the Court lacks jurisdiction.

## II.  DISCUSSION

### A. Standard of Review

The removal statute states in relevant part, ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." 28 U.S.C. § 1441(a).  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).  However, ". . . if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  In addition, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Federal question jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As "the master of the claim," a plaintiff may choose to pursue her case in state court rather than in federal court, thereby "avoid[ing] federal jurisdiction by exclusive reliance on state law." *Id.* However, an action may be removed when a claimant alleges a cause of action that is either 1) created by federal law, or 2) created under state law but "its resolution must necessarily turn on a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for  Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10 (1983).  "[A] right or immunity created by the  Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 10-11 (citation omitted).  But, not every citation to federal law is evidence that federal law is the basis of the suit for purposes of federal jurisdiction. *Sais v. Maldonado*, 682 F. Supp. 2d 1254, 1255-56 (D. N.M. 2009) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) and *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994)). Thus, if Plaintiff's claim depends on the resolution of a substantial question of federal law, then this Court has a duty to evoke its jurisdiction when requested to do so. *Id.* (citing *Brown ex rel. Brown v. Day*, 555 F.3d 882, 894 (10th Cir.2009) and *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir.1999)).

Courts are to strictly construe removal statutes. *Bar J Sand and Gravel v. Western Mobile New Mexico, Inc.*, No. Civ. 05-800 JB/WPL, 2005 WL 3663689, *5 (D. N.M. Sept. 29, 2005) (citing *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005), *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))  "[A]ll doubts are to be resolved against removal." *Id.* (citing  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982) and

5

*Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.2002) and *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

      B.  Plaintiff's Allegation of Callous Indifference in Count IV

Defendants admit that Plaintiff has only asserted claims under the New Mexico Tort Claims Act in Counts I-III of the Complaint. However, Defendants contend that Plaintiff appears to have asserted a claim that Defendants violated Ms. Padilla's rights under the United States Constitution by alleging in Count IV that MDC employees were "callously indifferent to the rights of the MDC residents with serious medical needs, including Plaintiff Padilla." (Compl. ¶ 34). According to Defendants, the Fourteenth Amendment of the United States Constitution is the source of Ms. Padilla's rights that Plaintiff claims Defendants violated. *See Barrie v. Grand County, Utah*, 119 F.3d 862, 866 (10th Cir. 1997) (holding that Due Process protections of Fourteenth Amendment apply to pre-trial detainees and that to determine liability for failure to prevent a suicide, plaintiff must show that defendant was deliberately indifferent to a substantial risk of suicide). Defendants argue that Count IV of Plaintiff's Complaint should be interpreted as a claim under 42 U.S.C. §1983 for deliberate indifference to Ms. Padilla's Fourteenth Amendment rights.

Although Plaintiff could assert a § 1983 claim that Ms. Padilla's Fourteenth Amendment rights were violated, Plaintiff is not required to do so. Under NMSA 1978 § 41-4-12, Plaintiff may choose to assert that Defendants violated Ms. Padilla's rights under the New Mexico Constitution or statutes. By specifically referring only the NMTCA and by omitting reference to § 1983 or other federal law, Plaintiff has clearly chosen to rely only on New Mexico law for

redress. The Complaint's reference to Defendants' callous indifference to Ms. Padilla's "rights" does not necessarily convert this action to one arising under § 1983 and does not render the case removable. In addition, Plaintiff's right to relief under the NMSA 1978 § 41-4-12 does not require the consideration of federal law. *McDermitt v. Corrections Corp. of America*, 814 P.2d 115, 116-117 (N.M. Ct. App. 1991) (holding that NMTCA provides a waiver for tort suits alleging that correction officers have deprived a detainee of his/her constitutional rights). In New Mexico, a claimant may assert a claim under NMSA § 41-4-12 for the violation of his rights under the New Mexico Constitution. By not explicitly invoking federal law in the Complaint, Plaintiff has asserted only state law claims. Defendants' argument that a federal claim may be inferred is unpersuasive. Interpreting the allegations in the Complaint to state a federal claim is simply too much of a stretch.

> C.  Complaint's Mention Of Qualified Immunity Does Not Support Federal Court Jurisdiction

Defendants also argue that Plaintiff's mention of qualified immunity in the Complaint shows that Plaintiff intended to bring a § 1983 claim along with his NMTCA claims. In the Complaint, Plaintiff stated, ". . . Defendants' acts and/or failures were, without limitation, deliberate, intentional, negligent, thereby barring any good faith qualified immunity defense." (Compl. 2, ¶ 3.)  Defendants contend that Plaintiff's mention of the qualified immunity defense means that Plaintiff intended to assert a claim under federal law because the New Mexico Courts have not clarified whether qualified immunity may be asserted as a defense under the NMTCA. *See, e.g. Romero v. Sanchez*, 895 P.2d 212, 218 (N.M. 1995) (stating, "[w]hether the doctrine of qualified immunity protects an official from an action brought under the Tort Claims Act is an open question.").  However, "defenses…that are anticipated in the plaintiff's complaint are

7

irrelevant" in determining whether the plaintiff's claim arises under federal law.  *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). Thus, regardless of whether a qualified immunity defense is or is not available under the NMTCA, the mention of an immunity defense does not establish the right to remove. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *Holmes Group, Inc., v. Vornado Air Circulation Sys.*, Inc., 535 U.S. 826, 830-31 & n. 2 (2002)).  From the allegations in the Complaint, the Court finds that Plaintiff's claims are asserted only under state law. Consequently, this Court lacks subject matter jurisdiction, and the Court must remand this case to state court.

      D.  Attorney Fees

A court may award attorney fees to a party seeking remand if the "removing party lacked an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136.  28 U.S.C. § 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  To award attorney fees, a court must determine that the "removal was improper *ab initio*." *Topeka Hous. Auth.*, 404 F.3d at 1248 (quoting *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)).  "No showing of bad faith is necessary to justify the award," only objective unreasonableness. *Id.*; s*ee also Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *affirmed*, 546 U.S. 132 (2005).

      Under the Court's Local Rules, a motion for attorney's fees "must comply with D.N.M. LR-Civ. 7." D.N.M. LR-Civ. 54.5(a).  Local Rule 7 requires a party to file a written motion, serve the motion on each party, and indicate whether the motion is opposed. D.N.M. LR-Civ. 7.1 (a). Plaintiff did not file a separate motion for attorney's fees and costs in compliance with Local Rule 7.1; therefore, the Court may deny the request on that basis.  However, the Court will also deny Plaintiff's request for attorney's fees and costs because Defendants' removal of this case

was not "objectively unreasonable."

Early in the case, Plaintiff and Defendants stipulated that federal law was applicable to Plaintiff's claims. In the Joint Status Report and Provisional Discovery Plan (Doc. No. 11) (JSR) filed on August 1, 2011, the parties stipulated that (1) "the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter" and (2) "the law governing the case is: 42 U.S.C. § 1983 and the New Mexico Tort Claims Act." (*Id*. 2.) Defendants' interpretation of the allegations in the Complaint as inferring federal constitutional claims coupled with the stipulations in the JSR show that Defendants acted reasonably in removing this  case. *See Martin v. Franklin Capitol*, 546 U.S. 132, 141 (2005) (stating, "when an objectively reasonable basis exists [for removal], fees should be denied.").

Defendants also assert that Plaintiff's demand for punitive damages, which are available in § 1983 actions, but not in NMTCA cases, shows that Defendants' removal was objectively reasonable.  Defendants maintain that the NMTCA specifically proscribes punitive damages in judgments against a governmental entity or public employee, but punitive damages are available under § 1983 if a defendant's actions are reckless or wanton. *See* NMSA 1978 § 41-4-19(C) (2004); *Smith v. Wade*, 461 U.S. 30, 55 (1983). Nevertheless, it is the cause of action that determines the damages warranted; not the other way around. *Cf. King v. Otasco, Inc.*, 861 F.2d 438, 442(5th Cir. 1988) (noting that claims for actual damages are not causes of action at all but "simply specifications of damages.").  However, Plaintiff's request for punitive damages, which are available only under 42 U.S.C. § 1983 and not under the NMTCA, supports a conclusion that Defendants' removal was objectively reasonable and that an award of attorney's fees is inappropriate.

IT IS ORDERED that

9

1. Plaintiff's Motion to Remand Proceedings to the State District Court of New Mexico (Doc. 21) is GRANTED.

2. Plaintiff's request for attorney fees and costs is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE